## Miller's Estate.

*Wills—Probate—Contest—Award of issue d. v. n.—Province of court and jury.*

1. Where, on appeal from a decree refusing an issue devisavit vel non, the complaint is that the case was improperly kept from the jury, the propriety of such action is to be judged or tested by

the answer to the following inquiry: In view of the relevant rules
of law applicable to the particular case, is it conceivable a judicial
mind,—desiring only to arrive at the truth, and do exact justice,—
on due consideration of the evidence as a whole, could reasonably
have reached the conclusion of the court below? When the answer
to this question is in the affirmative, the judgment appealed from
will not be disturbed.

Argued February 1, 1927. Before Moschzisker, C. J.,
Frazer, Walling, Kephart and Schaffer, JJ.

Appeal, No. 109, Jan. T., 1927, by Sallie E. Miller et
al., next-of-kin, from decree of O. C. Northampton Co.,
refusing issue devisavit vel non, in estate of Charles F.
Miller, deceased. Affirmed.

Appeal from decision of register of wills admitting
will to probate. Before Stotz, J.

The opinion of the supreme court states the case.

Decision sustained and issue devisavit vel non re-
fused. Sallie E. Miller et al., next-of-kin, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*John D. Hoffman* and *Calvin F. Smith,* for appellants.

*R. C. Mauch,* for appellees.

Per Curiam, March 14, 1927:

This case involves an appeal to the orphans' court
from the probate of a writing purporting to be the will
of Charles F. Miller, deceased; the court below sus-
tained the probate, refusing to submit to a jury the evi-
dence relied on by contestants; hence the present ap-
peal.

In Tetlow's Estate, 269 Pa. 486, 495, where our prior
decisions on the point involved are reviewed and dis-
cussed, and many rules derived therefrom are stated, we
recently said: "Where it is claimed that a case......
was improperly kept from the jury or that a finding

therein against the will was reversed without due cause, manifold adjudications on like matters, which appear in our reports, show that, when the action of the trial court was based on a consideration of the evidence, the propriety of such action is to be judged, or tested, by the answer to the following inquiry: In view of the relevant rules of law applicable to the particular case, is it conceivable that a judicial mind,—desiring only to arrive at the truth and do exact justice,—could, on due consideration of the evidence as a whole, reasonably have reached the conclusion of the court below? When the answer to this question is in the affirmative, the judgment appealed from will not be disturbed." This decision has been followed in numerous subsequent cases (as may be seen by consulting Shepard's Pa. Supreme Court Citations), and, when the test therein stated is applied to the evidence now before us, we cannot say that the conclusion reached by the court below as to the validity of the will is unsustainable; on the contrary, considering the unfavorable impression which many of the witnesses called by appellants made upon the judge of the court below, who saw and heard them, the conclusion under attack is an entirely reasonable one. Further discussion would serve no useful purpose.

The assignments of error are overruled and the decree is affirmed; costs to be paid out of the estate.